# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Chapter 7 |
| DAVID EUGENE YUSKA, | ) | |
| | ) | Bankruptcy No. 14-01504 |
| Debtor. | ) | |
| | ) | |
| DAVID EUGENE YUSKA, | ) | |
| | ) | |
| Plaintiff, | ) | Adversary No. 15-9005 |
| | ) | |
| v. | ) | |
| | ) | |
| INTERNAL REVENUE SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |

## RULING ON UNITED STATES' MOTION TO DISMISS TAX YEARS 2005 AND 2006 FROM DEBTOR'S ADVERSARY COMPLAINT

This matter came before the Court on the Internal Revenue Service's (IRS) Motion to Dismiss Debtor's Request for this Court to re-determine Debtor's taxes for years 2005 and 2006. Debtor appeared pro se. Christopher Moran appeared for the IRS. Both parties submitted briefs. The Court held a telephonic status conference on the Motion and determined the issue presented was one of law and no further in-court hearing was necessary. The Court took the matter under advisement on the documents filed.

## STATEMENT OF THE CASE

Debtor contests his tax liability for tax years 2005 through 2013.  Debtor

argues that he is not a "taxpayer," that the IRS has no authority to tax him, and that

he does not owe taxes for these years.

The IRS moves to dismiss Debtor's complaint with respect to tax years 2005

and 2006.  The IRS points out that the United States Tax Court has already

determined Debtor's tax liability for those years.  The IRS argues, under the

doctrine of res judicata, the Tax Court's determination bars Debtor from

relitigating his liability for tax years 2005 and 2006.

After careful consideration of the issues, the Court grants the IRS's Motion

to Dismiss as it relates to tax years 2005 and 2006.  The reason for this decision

follows.

## STATEMENT OF THE FACTS

In 2010, Debtor filed two petitions in the United States Tax Court.  These

cases sought a judicial determination of his tax liabilities for tax years 2005 and

2006.   These cases were later consolidated on Debtor's motion.

The Tax Court ruled against Debtor after making important findings.  The

Tax Court found that Debtor had not responded to discovery requests from the

IRS.  The Tax Court found that Debtor's testimony was not credible.  The Tax

Court also found that Debtor's tax returns filed for years 2005 and 2006 were

frivolous.

The Tax Court granted the IRS's motion to dismiss for, among other

reasons, lack of prosecution by Debtor.  The Tax Court also granted the IRS's

motion for sanctions.  The Tax Court found the following deficiencies and

additions for tax years 2005 and 2006:

| Tax year | Deficiency | Additions to Tax – I.R.C. § | | |
| | | 6651(a)(1) | 6651(a)(2) | 6654 |
|---|---|---|---|---|
| 2005 | $37,790.00 | $8,430.30 | $8,804.98 | $1,501.47 |
| 2006 | $59,869.00 | $13,290.75 | $8,565.15 | $2,791.24 |

Debtor did not file a notice of appeal.  Debtor has not paid these tax

deficiencies and additions determined by the IRS on his 2005 and 2006 taxes.

## DISCUSSION

Debtor's Complaint alleges that he does not owe any federal income tax for

past years—whether determined or not.  Debtor asserts he is not a "taxpayer."  He

believes that there is no legal basis for a mandatory income tax and that the IRS

has no constitutional or statutory authority to enforce tax laws found in the Internal

Revenue Code and other regulations.

In its Motion to Dismiss, the IRS seeks dismissal of only part of Debtor's

complaint.  The IRS argues that the Tax Court has already definitively decided

Debtor's tax obligations for tax years 2005 and 2006. The IRS points out that, under the legal doctrine of res judicata, this final and binding Tax Court decision precludes Debtor from relitigating his tax liability for tax years 2005 and 2006.

Debtor did not respond to this argument. Instead, Debtor simply continued to argue that he is not a taxpayer because he does not fall within the Internal Revenue Code's definition of who is subject to income tax.

The Court need not address Debtor's "taxpayer" arguments at this time. The issue here is limited to whether the legal doctrine of res judicata precludes Debtor from relitigating the Tax Court's decision. Debtor chose not to address that issue directly.

Res judicata is a legal doctrine that bars parties from litigating a claim that has already been decided. "The law of the forum that rendered the first judgment controls the res judicata analysis." St. Paul Fire & Marine Ins. Co. v. Compaq Comput. Corp., 539 F.3d 809, 821 (8th Cir. 2008). "Res judicata bars relitigation of a claim if: (1) the prior judgment was rendered by a court of competent jurisdiction; (2) the prior judgment was a final judgment on the merits; and (3) the same cause of action and the same parties or their privies were involved in both cases." Cardona v. Holder, 754 F.3d 528, 530 (8th Cir. 2014) (internal quotation marks omitted). For federal income taxes, each year is determined separately and is a separate cause of action. Beach v. Comm'r, 102 T.C.M. (CCH) 248 at *2

4

(T.C. 2011).  "Res judicata is applied to bar subsequent proceedings involving the same tax year."  Id.

This legal doctrine is expressly set forth in the Bankruptcy Code.  The Code provides that bankruptcy courts may not determine "the amount or legality of a tax, fine, penalty, or addition to tax if such amount or legality was contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction before the commencement of the case under this title."  11 U.S.C. § 505(a)(2)(A).  As a result, bankruptcy courts do not have jurisdiction to redetermine tax liability that has already been determined by the Tax Court.  Id.; Harker v. United States (In re Harker), 357 F.3d 846, 849 (8th Cir. 2004).

Here, the elements of res judicata and § 505(a)(2)(A) are satisfied with respect to the previous rulings on Debtor's tax liability for tax years 2005 and 2006.  The Tax Court ruled against Debtor and found that debtor owed taxes and had incurred specific tax deficiencies and additions.  Debtor did not appeal that decision.

The Tax Court decision meets all three requirements for res judicata.  First, the judgment was rendered by the Tax Court, a court of competent jurisdiction.  I.R.C. § 6214.  Second, a Tax Court decision adjudicating a tax deficiency is a final judgment on the merits.  Hefti v. Commissioner, 899 F.2d 709, 712 (8th Cir. 1990).  Third and finally, the same cause of action and parties are involved.

5

Debtor argued to the Tax Court that he did not owe taxes for tax years 2005 and 2006.  Debtor now makes the exact same argument to this Court.  Therefore, res judicata and § 505(a)(2)(A), which states that res judicata applies to tax disputes in bankruptcy court, bars Debtor from relitigating his tax liability with respect to tax years 2005 and 2006.

## CONCLUSION

**WHEREFORE**, Internal Revenue Service's Motion to Dismiss Tax Years 2005 and 2006 from Debtor's Adversary Complaint is GRANTED.

**WHEREFORE**, Debtor's Adversary Complaint, with respect to Tax Years 2005 and 2006, is DISMISSED.

Dated and Entered:

February 10, 2016

THAD J. COLLINS
CHIEF BANKRUPTCY JUDGE