## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Chapter 7 |
| DAVID EUGENE YUSKA, | ) | |
| | ) | Bankruptcy No. 14-01504 |
| Debtor. | ) | |
| | ) | |
| DAVID EUGENE YUSKA, | ) | |
| | ) | |
| Plaintiff, | ) | Adversary No. 15-9005 |
| | ) | |
| v. | ) | |
| | ) | |
| INTERNAL REVENUE SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |

### RULING ON IRS' MOTION FOR SUMMARY JUDGMENT

This matter came before the Court for hearing in Cedar Rapids, Iowa on December 12, 2016. Christopher Moran appeared for the United States on behalf of its agency, the Internal Revenue Service ("IRS"). David Yuska appeared pro se. David Yuska has asked the Court to refer to him as "David." The Court will honor that request. The Court received evidence, heard argument, and took the matter under advisement on the documents submitted. The Court told David that he could file additional documents if he wished, and that all filings would be considered, but that the matter was fully submitted and ready for decision. David filed a supplement on January 3, 2017, which the Court has now considered. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

## STATEMENT OF THE CASE

David filed this adversary objecting to IRS' claim for unpaid income tax.

David disputes the IRS calculation of his tax liability.  David argues, among other

things, that IRS has not proven that he owes tax, that he is not a taxpayer under the

law, that he has not consented to be taxed, and that IRS has no authority to impose

a tax on him.  David argues that these arguments present genuine issues of material

fact for trial.  IRS argues that David has presented no facts to support his claims

and that his bare denials of tax liability are really legal arguments, which are

insufficient to create a genuine issue of material fact.  IRS argues that David made,

and the Court rejected, these same legal arguments in a separate adversary.  IRS

argues that the Court should reject his arguments in this case as well.  The Court

agrees with IRS and grants its motion for summary judgment.

## BACKGROUND AND STATEMENT OF FACTS

David filed Chapter 13 bankruptcy on September 9, 2014.  IRS and Iowa

Department of Revenue ("IDOR") filed claims.  David filed separate adversaries

objecting to IRS' and IDOR's claims.  Both adversaries were primarily based on

his position that he is not a taxpayer under the Internal Revenue Code.

Adversary number 15-9004 is David's objection to IDOR's claim, which he

filed on February 9, 2015.  After extensive litigation, the Court granted summary

judgment to IDOR on July 6, 2016.  Yuska v. Iowa Dept. of Revenue (In re

2

Yuska), 553 B.R. 669 (Bankr. N.D. Iowa 2016). David has appealed that ruling. His appeal is currently pending.

This adversary, number 15-9005, which he also filed on February 9, 2015, is David's objection to IRS' claim. His adversary complaint contested his federal tax liability for tax years 2005–2013. IRS moved to dismiss tax years 2005 and 2006 from his complaint because the United States Tax Court had already adjudicated his tax liability for those years. On February 10, 2016, the Court granted that motion. Yuska v. Iowa Dept. of Revenue (In re Yuska), Adv. No. 15-9005, 2016 WL 540854 (Bankr. N.D. Iowa Feb. 10, 2016). As a result, only tax years 2007–2013 remain at issue in this adversary.

IRS has moved for summary judgment on David' objection to its claims for the remaining years. IRS submitted evidence in support of its motion. IRS filed an affidavit from Dayna Kane, who works as a revenue agent for IRS. Kane reviewed IRS documents and summarized her conclusions about what David owes to IRS in her affidavit. Kane's affidavit sets out the evidence supporting IRS' claims.

In particular, Kane reviewed reports from third parties about payments to David to determine whether David received income from 2007–2013. Kane found that David received income for each of those contested years. Kane also reviewed IRS files to determine whether David filed tax returns for those years. She found that David did not file a federal income tax return for any of those years.

Kane calculated David's federal income tax liabilities for each year based on wage and payment information that third parties submitted to IRS. Kane prepared a Form 1040 for David for each year 2007–2013. David's liabilities are set out in these individual tax returns that Kane prepared. Kane's analysis included standard exemptions and deductions, as well was applicable credits and basis. Kane also calculated the penalties for failure to file under 26 U.S.C. § 6651(a)(1), failure to pay penalties under 26 U.S.C. § 6651(a)(2), and failure to make estimated tax payments penalty under 26 U.S.C. § 6654. She also calculated the statutory interest on those obligations through June 30, 2016. She set forth these amounts in a table in her affidavit, along with a total amount due to IRS for each year as of June 30, 2016. That table is reproduced here.

| Year | Tax | § 6651(a)(1) penalty | § 6651(a)(2) penalty | § 6654 penalty | Interest | Total Amount Due |
|------|-----|----------------------|----------------------|----------------|----------|------------------|
| 2007 | $198,322 | $44,418.83 | $49,354.25 | $8,980.41 | $82,973.03 | $383,143.52 |
| 2008 | $44,757 | $9,903.83 | $11,004.25 | $1,411.92 | $14,687.69 | $81,024.69 |
| 2009 | $88,109 | $19,761.53 | $21,957.25 | $2,102.10 | $23,939.47 | $155,589.35 |
| 2010 | $152,328 | $34,261.43 | $38,068.25 | $3,265.51 | $33,104.66 | $260,972.85 |
| 2011 | $51,143 | $11,504.70 | $12,783.00 | $1,012.27 | $8,603.82 | $85,035.79 |
| 2012 | $20,378 | $4,582.13 | $3,971.18 | $365.10 | $2,589.83 | $31,873.24 |
| 2013 | $21,960 | $4,941.00 | $2,964.60 | $394.31 | $1,915.11 | $32,175.02 |

David disputes the IRS calculation of his tax liability.  David objects to each

factual statement that IRS set out in its motion for summary judgment.  In

particular, David asserts that IRS has not properly laid foundation for its

documents, that IRS has not properly adjusted for basis in its calculation of his tax

liability, and that he did not receive any taxable income.  David did not present any

evidence about whether or not, from 2007–2013, he received income in the

amounts set out by the IRS or whether he filed tax returns for those years.  David

also did not present any evidence about the proper adjustment in his tax liability

for "basis" of income.  The failure to present any facts or to identify any genuine

factual disputes leaves David with only disputes about the legality of IRS' claim.

David makes a number of legal arguments to support his position.

David also repeatedly argues that the Court has not given him sufficient time

to prepare his case.  David represents himself and does all of the research, writing,

and filing on his behalf in this case, the main case, and on his appeal of the IDOR

case.  David has asserted that he is unable to fully prepare his case because of time

limitations and deadlines.  David asserts that the Court has ruled unfairly against

him because of his arguments and simply refused to give him the time to research

the issues and fairly prepare his case as a pro se litigant.  A short summary of the

history of this adversary and all the accommodations David has received

demonstrate that these assertions are baseless.

David filed his Chapter 13 bankruptcy in September 2014. In every proceeding, and at every turn, the Court has given David extensions of time, extra time to argue and brief, and allowed filings far beyond what the rules allow. The Court's accommodation has carried into the adversaries.

In this particular adversary, IRS filed its motion for summary judgment and supporting documentation on July 29, 2016. David filed his motion to extend time for discovery that same day and his statement of disputed issues for trial and supplement on August 1, 2016. David also filed a motion for more definite statement on August 22, 2016.

On August 29, 2016, the Court held a telephonic hearing on David's motion to extend time for discovery, IRS' motion for summary judgment, and David's motion for more definite statement. The Court noted first that the issues in this adversary appeared to be the same as many of those decided in the IDOR case on appeal. The Court suggested expediting a ruling which might allow David to appeal both cases on the same time table. David resisted.

At the time of hearing, David had not filed a resistance to the motion for summary judgment. The Court gave David until October 12, 2016 to file a resistance. The Court noted that IRS would have until November 2, 2016 to file a reply to that resistance. At David's request, the Court set the final hearing on the motion for summary judgment for in-person hearing. The Court scheduled that

6

hearing for November 16, 2016.  The Court stated that it was not inclined to extend

the deadlines or the hearing date and that the parties should plan accordingly.  The

Court also denied David's motion to extend time for discovery and his motion for

more definite statement.

On September 19, 2016, IRS filed a motion to reschedule the hearing to

November 14, 2016.  The Court granted the motion without objection from David.

On October 11, 2016, David filed a motion to extend time to file a

resistance.  IRS objected.  On October 12, 2016, David filed a motion to continue

the summary judgment hearing to December or January.  IRS objected to this

motion as well.

On October 17, 2016, the Court held a telephonic hearing on David's two

motions.  The Court granted both of the motions over IRS' objection.  The Court

gave David until November 21, 2016 to file his resistance.  The Court continued

the hearing to December 12, 2016.  During that hearing, the Court informed the

parties that this was the final extension.  The Court noted that it had accommodated

David numerous times for extensions throughout the bankruptcy but that it would

not grant any future motions to extend the deadlines or continue the hearing.

In spite of the Court's clear statement about no further extensions, on

December 8, 2016, David filed a motion to continue the hearing to February 6,

2016.  IRS objected.  The Court nevertheless held a telephonic hearing on the

motion to continue on December 9, 2016 to allow David to make his arguments.

David stated only that he had not had enough time to prepare for the hearing

because he had to work simultaneously on the pending IDOR appeal.  IRS argued

that David had had plenty of time and that the matter was fully briefed and ready

for decision.  David knew about the appeal the entire time and it had factored into

the last extension of time.  The Court denied David's motion.

The Court held an in-court hearing on the motion for summary judgment on

December 12, 2016.  The Court allowed David far more time than normal for a

summary judgment argument.  David made many of the arguments he had made at

other times in proceedings before this Court—but he was given much latitude in

making those arguments.  At the conclusion of that hearing, the Court told David

that he could file additional documents that he referenced and that any document

he did file would be considered.  The Court also informed him that the matter was

otherwise fully submitted and ready for decision.  On January 3, 2016, David filed

a 112 page supplement, which the Court has reviewed and considered.

## DISCUSSION

### I.    Summary Judgment

IRS moved for summary judgment.  IRS argues that summary judgment is

proper because David has not raised a genuine issue of material fact for trial.  IRS

argues that, even where David has raised factual issues, they are bare assertions

without evidentiary support.  IRS argues that David has not provided evidence or even alleged specific facts to support his assertions.  IRS argues that such evidentiary support is required to defeat a motion for summary judgment.

David argues that he has raised 32 "genuine issues of material fact" that show the need for a trial in this case.  Those issues are listed in his brief in opposition to the motion for summary judgment and in his post-hearing supplement.  Those issues are variously: statements about government agencies, departments, and judges, past federal statutes, a statement challenging legal scholars to prove that Americans are required to pay income tax, and various legal arguments and conclusions about the current tax code, as well as other matters. Included in these 32 issues are David's main assertion that there is no federal statute allowing him to be taxed, as well as assertions that he did not receive taxable income, that IRS did not take "basis" into account when calculating its claim, and that the IRS documents are incorrect.  David also objects to each factual statement that IRS makes in is motion without providing any contrary evidence or even factual allegations.  David simply concludes that summary judgment is improper.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Bankr. P. 7056 (applying Fed. R. Civ. P. 56 to adversary

9

proceedings).  A dispute is "genuine" when reasonable minds could differ about

the result of a case because of that dispute, and is material if it "might affect the

outcome of the suit."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 251–52

(1986).

> [F]actual questions deal with whether something did or did not happen,
> or when or where that event took place.  Legal issues are the
> conclusions to be drawn from those facts.  Thus, a legal issue will
> always be dependent on certain factual events.  That factual
> dependence, however, does not convert a legal issue into a factual one.

> Yuska v. Iowa Dept. of Revenue (In re Yuska), 553 B.R. 669, 678 (Bankr.

N.D. Iowa 2016) (quoting Sandoz v. Conoco, Inc. (In re Delta Energy Res., Inc.),

67 B.R. 8, 9 (Bankr. W.D. La. 1986)) (internal quotation marks omitted).

The vast majority of the issues that David argues are genuine disputes of

material fact are not factual in any way.  They instead constitute irrelevant and

immaterial statements and legal arguments and conclusions.  As such, the vast

majority of these nonfactual statements have no bearing on the whether a trial is

necessary in this case.  Statements about government agencies, departments,

courts, or legislatures may be probative as legal argument, and will be addressed as

such, but they do not present an issue of material fact that requires a trial in this

case.  The Court will address David's legal arguments later in its ruling.

The Court finds that only 2 of the 32 issues that David raises concern

material facts—that is, facts about what, if any, income he received from 2007–

2013 and his federal tax liability from that income.  First, David asserts that he did

not receive income as defined in the Internal Revenue Code.  Second, David

asserts that IRS did not include "basis" in its calculation of his tax liability—that

is, did not account for the capital investment in the relevant property.  David

objected to each factual statement in the IRS' motion as lacking foundation or

being incorrect, but offered no opposing factual material.

     A bare assertion is insufficient to raise a genuine issue of fact for trial and

defeat a motion for summary judgment—the nonmoving party must set out specific

facts showing a genuine dispute for trial.  Fed. R. Civ. P. 56(c)(1)(A)-(B) & 56(e).

"To survive a motion for summary judgment, the nonmoving party must

substantiate [its] allegations with sufficient probative evidence [that] would permit

a finding in [its] favor based on more than mere speculation, conjecture, or

fantasy."  Int'l Union, United Auto., Aerospace & Agric. Implement Workers of

Am. Local Union 1613 v. Energy Mfg. Co. Inc., 173 F. Supp. 3d 815, 819 (N.D.

Iowa 2016) (quoting Barber v. C1 Truck Driver Training, LLC, 656 F.3d 782, 801

(8th Cir. 2011)).  "[S]elf-serving allegations and denials are insufficient to create a

genuine issue of material fact."  Id. (quoting Anuforo v. Comm'r, 614 F.3d 799,

807 (8th Cir. 2010)).  The Court, however, will make "all reasonable inferences in

the light most favorable to the nonmoving party."  Reed v. City of St. Charles, 561

F.3d 788, 790 (8th Cir. 2009).

The two fact-related issues that David does raise are unsupported by any evidence. David presented no evidence on the amount of income he received or what deductions or basis, if any, he is entitled to. His bare statements and objections are self-serving allegations and denials—not facts. David simply asserted that he did not receive taxable income and that IRS' calculation is incorrect and its supporting documents are wrong. He did not submit any evidence on these issues, or even state what specific facts support his position. The Court finds that there is no "genuine" issue of "material" fact for trial. Because David offered no factual material of his own—only bare assertions that IRS is wrong—there are no genuine disputes about facts, only disputes about how the law applies to those undisputed facts. The Court will now address the parties' legal arguments.

## II.    Income Tax

David argues that the federal income tax does not apply to him or the alleged "income" he received. David argues that the Internal Revenue Code does not impose an income tax on citizens, that citizens are only named in an administrative regulation, and that regulations are ineffective to impose a tax because they are not passed by Congress.

David made this same argument in the IDOR adversary based on the same reasoning. In the ruling on summary judgment in the IDOR adversary, the Court stated:

12

[David] asserts that the IRS—an executive agency—improperly applies its own rules and actions not limited to the language of the congressionally enacted [Internal Revenue Code]. . . . He asserts that the [Internal Revenue Code] does not impose a tax on citizens of the United States.   David acknowledges that the IRS administrative regulations provide the "citizen" language to impose an income tax on him, but he claims that, because regulations are not a statute (not a part of the [Internal Revenue Code]), they are simply invalid and unauthorized administrative material.

Yuska v. Iowa Dept. of Revenue (In re Yuska), 553 B.R. 669, 677 (Bankr. N.D.

Iowa 2016).  David read this portion of the Court's ruling in the summary

judgment hearing in this adversary.  David indicated that it accurately described his

position in this case as well.

IRS argues that the Court addressed and rejected David's arguments about

his federal tax liability in its ruling on the IDOR adversary.  IRS argues that the

Court's decision in that adversary applies here and resolves the issues in its favor.

The Court thoroughly addressed many of David's arguments and legal

theories in a lengthy decision in the IDOR adversary.  Id. at 684–92 ("Even if

David were correct that his Iowa liability and federal liability are the same (which

he is not), his argument fails.").  In that decision, the Court rejected these

arguments about why the federal income tax does not apply to him and concluded

that "David is a taxpayer under federal law."  Id. at 686.  The Court also rejected

his argument that he was no longer a United States citizen, id. at 688, that "it is not

him that owes the taxes, but an 'ens legis' that is denoted by his name in all capital

letters," id. at 689, that he is a minor or was a minor at the time the assessments were made, id. at 691, that he does not owe tax because the taxing authority never provided him with documents showing that he owes taxes, id., that he does not owe taxes because he filed an affidavit asserting that he does not owe taxes, id. at 691–92, and that the Court has a conflict of interest because federal courts are funded by federal tax revenue.  Id. at 692.  The Court adopts in full the authority and analysis set out in the ruling on the IDOR adversary.  The Court rejects these arguments here based on the authority and reasoning set forth in its opinion on the IDOR adversary.  The Court will not address these arguments any further.

## III.   Other Arguments

David does raise some new issues in this adversary.  The Court addresses those new arguments here.

### A. Previous Income Tax Statute

David argues that an older federal law properly imposed an income tax on citizens, but the current law does not.  David argues that the Underwood Tariff Act of 1913 properly imposed an income tax on citizens.  Underwood Tariff Act of 1913, Pub. L. No. 63–16, § II, 38 Stat. 114, 166.  That statute stated: "That there shall be levied, assessed, collected and paid annually upon the entire net income arising or accruing from all sources in the preceding calendar year to every **citizen** of the United States . . . ."  Id. (emphasis added).  David argues that the older

statutes inclusion of the word "citizens" is significant.  He notes that the current

law, found at 26 U.S.C. § 1 does not use the word "citizen."  David believes that

this shows that Congress did not intend for 26 U.S.C. § 1 to subject citizens to

income tax.  David concludes that 26 U.S.C. § 1 does not impose an income tax on

citizens, and that he cannot be taxed as a citizen.

This argument is unpersuasive.  As David himself acknowledges, "the

Underwood Tariff Act has long been superseded."  Wright v. United States, No.

4:04-CV-56-2(CDL), 2004 WL 2238789, at *2 (M.D. Ga. Sept. 30, 2004) (citing

Revenue Act of 1916, Pub. L. No. 64–271, § 902, 39 Stat. 756, 801).  Now, 26

U.S.C. § 1 is the statute that imposes the federal income tax.  In re Yuska, 553 B.R.

669, 686–87 (Bankr. N.D. Iowa 2016).  As this Court already decided, 26 U.S.C.

§ 1 imposes an income tax on the taxable income of every citizen or resident of the

United States—and numerous other cases have so held.  Id.  Because the existing

language of 26 U.S.C. § 1 imposes an income tax on citizens and residents of the

United States, the wording of the Underwood Tariff Act of 1913 is immaterial.

See Norfolk S. Ry. Co. v. Perez, 778 F.3d 507, 512 (6th Cir. 2015), reh'g denied

(May 11, 2015) ("Although the parties muddy the waters by relying on previous

versions . . . in an attempt to determine what the current wording of the statute

means, '[t]he starting point in discerning congressional intent is the existing

statutory text, and not the predecessor statutes.'") (quoting Lamie v. United States

Trustee, 540 U.S. 526, 534 (2004) (internal citation omitted)).  The Court rejects

David's argument that the current federal income tax statute does not apply to him.

### B. Voluntary Income Tax

David next argues that paying federal income tax is voluntary.  David cites

Flora v. United States, 362 U.S. 145, 176 (1960) ("Our system of taxation is based

upon voluntary assessment and payment, not upon distraint."), United States v.

Kahriger, 345 U.S. 22, 36 (1953) ("The United States has a system of taxation by

confession.") (Jackson, J., concurring) (overruled on other grounds Marchetti v.

United States, 390 U.S. 39 (1968)), and refers to statements from IRS officials that

the United States tax system is "voluntary," in support of this position.  David

concludes that, because paying tax is voluntary, he is not required to pay federal

tax on his income.

David's argument reads the word "voluntary" as meaning "optional."  This

reading is wrong and ignores the context of these passages.  These cases refer to

the system as "voluntary" as opposed to a system based on "distraint"—meaning

government seizure of property.  In other words, it is voluntary to the extent that it

allows taxpayers to simply comply on their own without the force of legal

proceeding and process.  Another sentence in the same paragraph from the Flora

case states exactly that idea: "Of course, the Government can collect the tax from a

District Court suitor by exercising its power of distraint . . . ."  Flora, 362 U.S. at

176. Voluntary does not mean optional in this context. That the United States tax system is based on voluntary self-assessment and self-reporting means that it expects continued widespread compliance from taxpayers in filing returns and paying taxes. In fact, right after writing that "[t]he United States has a system of taxation by confession," Justice Jackson wrote:

> That a people so numerous, scattered and individualistic annually assesses itself with a tax liability, often in highly burdensome amounts, is a reassuring sign of the stability and vitality of our system of self-government. What surprised me in once trying to help administer these laws was not to discover examples of recalcitrance, fraud or self-serving mistakes in reporting, but to discover that such derelictions were so few.

Kahriger, 345 U.S. at 36 (Jackson, J., concurring). David's reading of "voluntary" in isolation to mean the entire obligation to pay tax is optional is not only incorrect, it is directly contrary to the spirit and plain meaning of these passages. Individuals self-reporting their income and paying their income tax without distraint is an important part of our taxation system, but it is equally clear that those who do not do so are in "dereliction" of their duty to pay taxes. See id.

In the end, this is just another argument that has already been litigated and disposed of on numerous occasions. Courts have repeatedly rejected arguments that paying federal income tax is optional. United States v. Ross, 52 F.3d 329, 1995 WL 218539, at *1 n.1 (7th Cir. April 13, 1995) ("[T]he federal income tax is not voluntary and must be paid by all individuals on their wages.") (citing United

States v. Sloan, 939 F.2d 499, 501 (7th Cir. 1991)); United States v. Gerads, 999

F.2d 1255, 1256 (8th Cir. 1993) ("Appellants' claim that payment of federal

income tax is voluntary clearly lacks substance.") (citing Newman v. Schiff, 778

F.2d 460, 467 (8th Cir. 1985)); Wilcox v. C.I.R., 848 F.2d 1007, 1008 (9th Cir.

1988) ("[P]aying taxes is not voluntary.") (citing Carter v. Commissioner, 784 F.2d

1006, 1009 (9th Cir. 1986)).  The Court follows these cases and rejects David's

argument that paying federal income tax is optional.

### C. Taxation of Federal Reserve Notes

David next argues that Federal Reserve Notes are not subject to taxation,

citing Memphis Bank & Trust Co. v. Garner, 459 U.S. 392 (1983) as support.  In

particular, he relies on the case's quotation of 31 U.S.C. § 742, which says:

"Except as otherwise provided by law, all stocks, bonds, Treasury notes, and other

**obligations of the United States, shall be exempt from taxation** by or under

State or municipal or local authority." Id. at 395 (emphasis added).  This section

has been revised since Memphis Bank & Trust Co.  The revised statute is now

found at 31 U.S.C. § 3124 and says: "Stocks and obligations of the United States

Government are exempt from taxation by a State or political subdivision of a

State." 31 U.S.C. § 3124(a).  David nevertheless notes that Federal Reserve Notes

are obligations of the United States: "Federal reserve notes . . . are authorized.  The

said notes shall be obligations of the United States . . . ." 12 U.S.C. § 411.  David

concludes that income in the form of Federal Reserve Notes is exempt from taxation.

This argument is not persuasive.  First, even if David were correct that 31 U.S.C. § 3124(a) exempts Federal Reserve Notes from taxation, which he is not, that exemption would not bar the federal government from taxing Federal Reserve Notes, only states and municipalities.  Second, the argument that 31 U.S.C. § 3124(a) exempts Federal Reserve Notes from taxation is meritless.  The Court of Special Appeals of Maryland has considered this argument as challenge to Maryland's authority to tax and rejected it:

> The definition of Federal Reserve Notes as "obligations of the United States" within the context of 12 U.S.C. § 411 is clearly distinguishable from the meaning used in 31 U.S.C. § 3124 . . . Section 411 is contained within Title 12 of the United States Code which created the Federal Reserve System, and in which Federal Reserve Notes are defined as "obligations of the United States."  The purpose behind this is to make clear that the notes are authorized currency of the United States.  The term "obligations of the United States" as used in 21 U.S.C. § 3124 . . . . refers to interest bearing instruments such as United States bonds.  See Memphis Bank & Trust Co. v. Garner, 459 U.S. 392, 395–96, 103 S.Ct. 692, 695–96, 74 L.Ed.2d 562 (1983); Smith v. Davis, 323 U.S. 111, 116–17, 65 S.Ct. 157, 160, 89 L.Ed. 107 (1944).

> The Federal Reserve Notes with which appellant claims she is paid are not "obligations of the United States" which are exempted from income tax . . . .  The Maryland income tax is levied on income, which may or may not be received in the form of Federal Reserve Notes.  If appellant's argument were accepted, it would have the absurd effect of preventing state taxation of any income which may be received in Federal Reserve Notes.

Provenza v. Comptroller of Treasury, 64 Md. App. 563, 568, 497 A.2d 831, 833–

34 (1985) (internal citation to Maryland statutes omitted); see also Maddox v.

Dep't of Revenue, No. TC-MD 021143F, 2003 WL 21241338, at *3–4 (Or. T.C.

April 10, 2003) (following Provenza); Galbreath v. Dep't of Revenue, No. TC-MD

060735E, 2007 WL 2229218, at *5 (Or. T.C. July 24, 2007) (following Maddox).

The Court finds this authority persuasive and rejects David's argument that income

in the form of Federal Reserve Notes is not subject to taxation.

### D. Federal Authority Outside of D.C.

David next argues that the Internal Revenue Code is not enforceable against

him under the language of 4 U.S.C. § 72, which states: "All offices attached to the

seat of government shall be exercised in the District of Columbia, and not

elsewhere, except as otherwise expressly provided by law." 4 U.S.C. § 72.  David

concludes that federal government authority cannot be exercised outside of the

District of Columbia.  David also argues specifically that IRS does not have the

authority to establish offices outside of the District of Columbia, that IRS has no

legal authorization to collect taxes, that IRS is not properly a part of the Treasury

Department, and that local enforcement of federal tax laws is illegal.

These arguments are unpersuasive.  "The Secretary of the Treasury has full

authority to administer and enforce the internal revenue laws and has the power to

create an agency to enforce those laws."  Lewis v. United States, No. MISC. S-11-

20

0039 WBS, 2012 WL 1197784, at *6 (E.D. Cal. Apr. 10, 2012), <u>report and</u>

<u>recommendation adopted</u>, No. MISC S-11-0039 WBS, 2012 WL 3886885 (E.D.

Cal. May 4, 2012) (citing 26 U.S.C. § 7801 and <u>Young v. IRS</u>, 596 F.Supp. 141,

147 (N.D. Ind. 1984)).  The Ninth Circuit Court of Appeals has specifically

addressed and rejected all of David's argument on this issue.

> Relevant statutes and regulations demonstrate . . . that the Secretary
> does have the power to collect taxes, and that such power can be
> delegated to local IRS agents. 26 U.S.C. § 6301 provides that "[t]he
> Secretary shall collect the taxes imposed by the internal revenue laws."
> The actual task of collecting the taxes, however, has been delegated to
> local IRS directors. "The taxes imposed by the internal revenue laws
> shall be collected by district directors of internal revenue." 26 C.F.R. §
> 301.6301–1. District directors in turn are authorized to redelegate the
> levy power to lower level officials such as collection officers. . . . The
> delegation of authority down the chain of command, from the
> Secretary, to the Commissioner of Internal Revenue, to local IRS
> employees constitutes a valid delegation by the Secretary to the
> Commissioner, and a redelegation by the Commissioner to the
> delegated officers and employees. *See* 26 C.F.R. § 301.7701–9.
> Therefore, the agents involved in the case at bar were acting within their
> authority when they collected taxes . . . .
>
> [Title 4 U.S.C. § 72] does not foreclose the exercise of authority by the
> IRS outside the District of Columbia.  The President is authorized to
> establish internal revenue districts for the purpose of administering the
> internal revenue laws, and these districts can be created outside of
> Washington, D.C.  See 26 U.S.C. § 7621.  Furthermore, as we have
> held, the Secretary of the Treasury and the Commissioner of Internal
> Revenue have the authority to delegate tax collecting power to local
> IRS officers and employees throughout the country.

<u>Hughes v. United States</u>, 953 F.2d 531, 536, 542–43 (9th Cir. 1992); <u>see also</u> <u>In re</u>

<u>Myrland</u>, 209 B.R. 524, 525 (Bankr. W.D. Wash. 1997) ("Debtor's implicit

premise that, under 4 U.S.C. § 72, all IRS offices (or at least those who have taken

action in this case or with respect to his federal tax liability) must be 'attached to

the seat of government' and therefore located in Washington, D.C., is

unsupported.").

Moreover, conferring such administrative powers to enforce income tax acts

by statute is proper.  Brushaber v. Union Pac. R. Co., 240 U.S. 1, 26 (1916)

(rejecting an argument that a statute that conferred "certain administrative powers

to enforce the act . . . upon the Secretary of the Treasury . . . was void as

unwarrantedly delegating legislative authority").  The Court finds this authority

persuasive and rejects these arguments.

### E.  Nonresident Aliens

David next argues that Brushaber v. Union Pacific Railroad Co., 240 U.S. 1

(1916), shows that income tax only applies to nonresident aliens.  In particular,

David relies on Treasury Decision 2313, which says that, under Brushaber,

"income accruing to nonresident aliens in the form of interest from the bonds and

dividends on the stock of domestic corporations is subject to the income tax . . . ."

T.D. 2313, 18 Treas. Dec. Int. Rev. 53 (1916).  David argues that, because

Brushaber was a citizen, and the Treasury Decision referenced Brushaber's case

and made statements about "nonresident aliens," individuals in states must be

"nonresident aliens" under the Internal Revenue Code because they are on state

22

land, not federal land.  David concludes that Brushaber shows that the Internal

Revenue Code is municipal law that has no authority within states.

David's argument is meritless.  There is nothing in <u>Brushaber</u> or Treasury

Decision 2313 to support David's position that citizens are nonresident aliens

under the Internal Revenue Code.  First, <u>Brushaber</u> addressed constitutional

challenges to the income tax and upheld it.  The case does not mention nonresident

aliens, municipal law, or the limitation of federal taxing authority to federal land.

Second, Treasury Decision 2313 is a Treasury Department interpretation of the

effect of <u>Brushaber</u> and does not and cannot insert terms or holdings into

<u>Brushaber</u> that are not there.  Third, Treasury Decision 2313 specifically states that

"[t]he liability . . . to render personal returns . . . of annual net income accrued . . .

from sources within the United States . . . attaches to nonresident aliens **as in the**

**case of returns required from citizens and resident aliens**."  T.D. 2313, 18

Treas. Dec. Int. Rev. 53, 55 (1916) (emphasis added).  Thus, neither <u>Brushaber</u> nor

Treasury Decision 2313 support David's argument that citizens are actually

nonresident aliens and federal taxing authority is limited to federal lands.  If

anything, Treasury Decision 2313 supports the opposite conclusion—that citizens

are not nonresident aliens.

### F.  Definition of Income

David next argues that he did not receive income as defined in the Internal Revenue Code because there is no definition of taxable income in the Internal Revenue Code.  David cites United States v. Ballard, 535 F.2d 400, 404 (8th Cir. 1976) for the proposition that "[t]he general term 'income' is not defined in the Internal Revenue Code."  He also cites Eisner v. Macomber, 252 U.S. 189 (1920) and Merchant's Loan & Trust Co. v. Smietanka, 255 U.S. 509 (1921) in support.

David's argument is again meritless.  The Internal Revenue Code defines **taxable income** as "**gross income** minus the deductions allowed by this chapter (other than the standard deduction)."  26 U.S.C. § 61 (emphasis added).  It defines **gross income** as "**all income** from whatever source derived" and gives a non-exhaustive list of the kinds of income that fall under "gross income."  Id. (emphasis added).  The evidence in the record is undisputed that David received income from 2007–2013.  IRS has calculated the amount of his taxable income from that number and filed documentation that supports that amount.  David has submitted nothing that would indicate that he did not receive that income.  The undisputed record shows that David received gross income from which taxable income was determined in the amounts assessed by IRS.

Moreover, the authority David cites does not support his position.  Although David is correct that the Eight Circuit in Ballard, says that "income" is not defined,

24

the Court then immediately states that the Internal Revenue Code does define

"gross income." Ballard, 535 F.2d at 404 ("The general term 'income' is not

defined in the Internal Revenue Code. Section 61 of the Code, 26 U.S.C. s 61,

defines 'gross income' . . . ."). David also points to the Eisner and Merchant's

Loan & Trust Co. cases as authority. However, neither of those cases support

David's position. Those cases addressed the issue of whether certain stock

dividends or sales of corporate assets were "income"—they do not address what

terms are or are not defined in the Internal Revenue Code. Eisner, 252 U.S. at

218–19; Merchant's Loan & Trust Co., 255 U.S. at 520–21. David's argument that

he did not receive income that could be taxed because the Internal Revenue Code

does not define "income" is clearly refuted by the terms of 26 U.S.C. § 61. It

defines "taxable income" by reference to gross income and deductions. David has

provided no facts to show that he did not receive "gross income"—nor any legal

authority that what he received was not "gross income." IRS properly determined

David's taxable income by deriving it from his undisputed gross income.

### G. Positive Law

David also argues that the Internal Revenue Code was never enacted into

positive law and concludes that its provisions have no legal effect. This argument

is meritless. "The Internal Revenue Code of 1986 is a statute enacted into positive

law by [C]ongress, while the United States Code, including Title 26, is a statutory

compilation by subject of enacted statutes." O'Boyle v. United States, No. 07-10006-MC, 2007 WL 2113583, at *1 (S.D. Fla. July 23, 2007). "Whether a statute has been enacted into positive law only concerns where one looks to find the official wording of the statute." Bilan v. United States, No. C 10-80323 JW, 2011 WL 2580629, at *3 (N.D. Cal. June 29, 2011) (citing 1 U.S.C. § 204(a)). "A law listed in the current edition of the United States Code is prima facie evidence of the law of the United States." Young v. I.R.S., 596 F. Supp. 141, 149 (N.D. Ind. 1984) (citing 1 U.S.C. § 204(a)). Moreover, "[b]ecause the Internal Revenue Code and Title 26 of the United States Code are identical, even though they are distinct, for all practical purposes, Title 26 is positive law." O'Boyle, 2007 WL 2113583, at *1. The Court rejects this argument. See Lanier v. Wachovia Bank, No. CIV.A.2:09CV4566WY, 2010 WL 1141267, at *8 (E.D. Pa. Mar. 24, 2010) ("Plaintiff's argument that the Internal Revenue Code is not controlling law has . . . been rejected by the courts as without merit.").

None of these new arguments that David raises change the Court's conclusion that David is a taxpayer under federal law. To the extent that any of David's arguments are not expressly considered here, the Court specifically finds that they are without merit or irrelevant. David is a taxpayer under federal law.

## IV.    The Amount of IRS' Claim

David argues that, even if he could be a taxpayer, the IRS determination of his income tax liability is incorrect.  David argues that IRS did not properly adjust for "basis" when calculating his tax liability.  He also argues that the documents that IRS relied on are wrong.  David did not provide any evidence on these issues—only assertions that IRS is wrong.  David does not state what he thinks he actually owes, what the proper adjusted basis should be, or any other factual information.

IRS argues that, because David did not file a tax return from 2007–2013, the IRS determination of his income tax for those years is presumed to be correct.  IRS argues that David has the burden of proof to show that this is wrong.  IRS argues that David has provided no evidence that its calculation is wrong.  IRS argues that David's simple assertions are not enough to meet his burden and defeat the presumption that its determination is correct.  The Court agrees.

When a taxpayer fails to maintain adequate records of taxable income, or file tax returns, the IRS may reconstruct income using any method that clearly reflects income.  Parrish v. Comm'r, 168 F.3d 1098, 1100 (8th Cir. 1999).  The IRS' determination is presumed correct and the taxpayer has the burden of proving the determination is erroneous.  Tinsman v. Comm'r, 12 Fed. Appx. 431, 433 (8th Cir. 2001); Day v. Comm'r, 975 F.2d 534, 538 (8th Cir. 1992); see also Raleigh v.

<u>Illinois Dep't of Revenue</u>, 530 U.S. 15, 26 (2000) (bankruptcy does not alter the burden of proof in tax disputes).  Likewise, the burden of proving deductions and "basis" rests with the taxpayer.  <u>Bennett Paper Corp. & Subsidiaries v. Comm'r</u>, 699 F.2d 450, 453 (8th Cir. 1983); <u>Better Beverages, Inc. v. United States</u>, 619 F.2d 424, 428 (5th Cir. 1980).  The fact that "basis" may be difficult to establish does not relieve a taxpayer from his burden.  <u>Coloman v. Comm'r</u>, 540 F.2d 427, 430 (9th Cir. 1976)); <u>see</u> <u>also</u> <u>Oates v. Comm'r</u>, 316 F.2d 56, 58 (8th Cir. 1963) ("The taxpayer has the burden … of establishing the adjusted basis of the property with respect to which he is claiming a deduction.").

It is undisputed that David did not file a tax return for any tax year from 2007–2013.  IRS properly determined David's income tax liability for those years.  David presented no evidence to rebut the presumption that the IRS determination is correct.  Thus, the Court finds that the IRS determination of David's tax liability is correct.  The Court grants IRS' motion for summary judgment.

## CONCLUSION

**WHEREFORE**, IRS' Motion for Summary Judgment is GRANTED.

**FURTHER**, this adversary is DISMISSED.

Dated and Entered:

February 13, 2017

_____

THAD J. COLLINS
CHIEF BANKRUPTCY JUDGE